UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**JOHN SCHAFFER as TRUSTEE of the LABORERS LOCAL #7 HEALTH FUND,**

                       **Plaintiffs,**

         **-vs-**                              **06-CV-245**

**PALMA MANCINI and SILVERIO MANCINI, individually, and RONALD R. BENJAMIN, ESQ., as Trustee of a CLIENT TRUST ACCOUNT,**

                       **Defendants**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

David A. Kline, Esq.
7136 East Genesee Street
Fayetteville, New York 13066
Attorney for Plaintiffs

Ronald R. Benjamin, Esq.
P.O. Box 607
126 Riverside Drive
Binghamton, New York 13902
Attorney for Defendants

**Hon. Norman A. Mordue, Chief U.S. District Judge**

### MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

Plaintiff moves (Dkt. No. 13) for summary judgment in this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq*. Defendants cross-move (Dkt. No. 16) for relief under Fed. R. Civ. P. 56(f). The Court grants the motion and denies the cross motion.

### BACKGROUND

Plaintiff is a fiduciary of the Laborers Local #7 Health Fund ("Fund"), a multiemployer employee welfare benefit plan as defined in ERISA.[1] The plan's assets are held in a tax-exempt trust managed by a joint labor-management Board of Trustees for the sole and exclusive benefit of the participants. The Trust Agreement affords to the Trustees full and exclusive authority to determine all questions of coverage and eligibility and full power to construe the provisions of the agreement. It further provides that any determination and construction adopted by the Trustees in good faith is binding on all parties, participants, and beneficiaries.

The complaint explains:

> The Plan "self-funds" the medical benefits from its trust fund assets, which are accumulated solely from the fixed hourly employer contributions earned by Participants pursuant to a bargaining agreement, and by the investment earnings on those accumulated contributions.
>
> If benefits are paid on behalf of a beneficiary, those monies are not available to pay benefits to other beneficiaries, and no source of funding is available to replace the monies expended. If the Trust Fund becomes unable to meet its benefit obligations, it must reduce benefits to all participants and beneficiaries. Accordingly, the Fund fiduciaries have a duty to avoid excessive or duplicative benefit payments.

(Paragraph numbering omitted.) Defendant Silverio was a participant in the Fund and his spouse, defendant Palma Mancini ("defendant") was a beneficiary of the Fund.[2]

On January 25, 2002, Palma Mancini fell on ice in a parking lot on property owned by P&J Auto Painting & Body Works, Inc. ("P&J Auto"), allegedly sustaining injuries, including injury to her left knee. Thereafter, she underwent left-knee surgery and other treatment, incurring

---

[1] ERISA §§3(3),(37), 29 U.S.C. §§1002(3),(37).

[2] Plaintiff names the Mancinis' attorney, Ronald R. Benjamin, Esq., as a defendant solely in his capacity as custodian or trustee of the funds in issue, which he holds in a client trust account.

medical expenses.  According to the complaint herein:

> In keeping with the Plan document, the Fund paid the Defendant's medical expenses in the amount of $9,107.20. Plaintiff's Fund Manager advised Defendants of the Plan's subrogation/lien provisions, and the Defendants acknowledged those provisions [and signed a subrogation agreement relative to these medical expenses].
>
> Pursuant to the Plan's subrogation provisions, if a Beneficiary recovers from a third-party tortfeasor who is liable for his or her injuries, the Plan has an equitable lien on the proceeds of the recovery to the extent of the benefits paid, and such benefit amounts must be restored to the Plan from such proceeds.
>
> On information and belief, Defendants asserted a claim against a third party [P&J Auto], and pursuant to a decision or settlement, the third party was held liable for Defendant Palma Mancini's injuries in the amount of $18,000.00.
>
> The Defendants have refused to adhere to the terms of the Plan, and have refused to restore to the Plan the amount of the benefits paid on behalf of Palma Mancini, the Beneficiary.

(Paragraph numbering omitted.).

The Fund sues on behalf of all participants in the Fund to enforce the terms of the plan, to enjoin Defendants' violation of the terms of the plan, and to preserve the assets of the Fund, in accordance with ERISA §502(a)(3), 29 U.S.C. §1132(a)(3).  The Fund claims that the proceeds of the settlement of Mancinis' lawsuit against P&J Auto, to the extent of the Fund's lien, belong in good conscience to the Fund.  The Fund avers that the Mancinis have been unjustly enriched, because "[t]he medical expenses paid by the plan were again paid by the third-party tortfeasor." The complaint seeks a constructive trust or equitable lien against the settlement proceeds in the amount of $9,107.20; restitution restoring the *res* of such constructive trust to the Fund; an injunction against any transfer or disposal of the settlement funds which would prejudice, frustrate or impair the Fund's ability to recover same; and reasonable attorneys fees, costs and

disbursements pursuant to ERISA §502(g)(1), 29 U.S.C. §1132(g)(1).

## APPLICABLE LAW

The applicable standard of review is not disputed. It is well established that where, as here, the written plan documents confer upon the plan administrator the discretionary authority to determine coverage and eligibility and to construe the plan, courts review the determination under the "arbitrary and capricious" standard. *See Pagan v. NYNEX Pension Plan*, 52 F.3d 438, 441 (2d Cir. 1995). Under this standard, a court will overturn a benefits decision only if it was "without reason, unsupported by substantial evidence or erroneous as a matter of law." *Id*. at 442.

Summary judgment is appropriate "where there exists no genuine issue of material fact and, based on the undisputed facts, the moving party is entitled to judgment as a matter of law." *D'Amico v. City of New York*, 132 F.3d 145, 149 (2d Cir. 1998). Here, defendants interpose a Rule 56(f) motion for further discovery; such a motion must be supported by an affidavit showing, *inter alia*, the nature of the uncompleted discovery and how the facts sought are reasonably expected to create a genuine issue of material fact. *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1138 (2d Cir. 1994).

## DISCUSSION

In support of the summary judgment motion, the Fund relies on an affidavit by Gerald A. Scotti, President of Integrated Administrative Services, the third-party administrator of the Fund. He states that he reviewed with the Trustees the proper implementation of the Fund's subrogation provision as it applies in the instant case and that in the exercise of their discretion the Trustees determined that Palma Mancini's claims for medical expenses in the sum of $9,107.20 stemming from her January 2002 injury were subject to reimbursement under the subrogation provision.

Scotti explains the grounds for the determination in detail, with specific references to the record evidence, including the claims submitted for payment by the treating health-care providers and information from Palma Mancini regarding the accident and her injuries. He also notes that defendants signed a subrogation agreement in connection with the medical expenses in issue.

The Fund further relies on Palma Mancini's bill of particulars and deposition testimony in the third-party action against P&J Auto. These establish that Palma Mancini had no significant problem with her left knee prior to the January 2002 accident and that the left-knee surgery and other treatment were necessitated by injuries she sustained when she fell. Thus, the Fund contends, these documents show that P&J Auto is liable for Palma Mancini's medical expenses for the left-knee surgery and other treatment and that the Fund is entitled to reimbursement from her recovery from P&J Auto. The Fund seeks summary judgment on the ground that the Trustees' subrogation determination is not arbitrary, capricious, or an abuse of discretion.

Defendants cross-move pursuant to Rule 56(f) for an order requiring the Fund to produce the plan documents in effect at the times in issue and any amendments to the plan. In its reply, the Fund provides all pertinent documents, including the subrogation provisions of the plans effective January 1999, January 2002, and January 2006. It is not necessary to determine which version of the plan applies, inasmuch as all three require subrogation. The Fund also shows that there is no relevant amendment. Defendants have not requested an opportunity to respond, nor have they attempted to challenge the correctness of the Fund's submissions. There is no showing that any further discovery could reasonably be expected to create a genuine issue of material fact warranting denial of the Fund's motion. Thus, Rule 56(f) relief is not appropriate.

Defendants further ask that the matter be remanded to the Fund with instructions to review

the medical records and reports and specify which of them support the Fund's determination. Defendants contend that the medical records establish that Palma Mancini's left-knee surgery and other treatment were for degenerative conditions to her left knee and back, not for traumatic injury. Therefore, they contend, the Fund is not entitled to reimbursement from defendants' third-party recovery.

In considering this contention, the Court has reviewed the entire record. It is undisputed that the Fund paid $9,107.20 on behalf of Palma Mancini in medical expenses for left-knee surgery and other treatment after she fell in January 2002. And it is clear from the record that Palma Mancini recovered $18,000 from P&J Auto to settle her claim that she underwent left-knee surgery and other treatment for conditions caused by her fall in January 2002. There is record evidence that the Fund paid $9,107.20 for the same surgery and treatment for which Palma Mancini sued P&J Auto and recovered $18,000; thus, the record fully supports the Fund's determination that P&J Auto was liable for the medical benefits that the Fund paid on Palma Mancini's behalf.

It is true, as defendants point out, that there is some limited evidence in the medical records that pre-existing degenerative conditions caused the necessity for the left-knee surgery and treatment. However, there is also substantial evidence that the trauma of the fall caused the necessity for the left-knee surgery and treatment, and that prior to the fall these degenerative conditions (if they existed) caused her no problems. Thus, there is substantial evidence supporting the Fund's determination, and there is no basis to remand the matter for findings, as requested by defendants.

Accordingly, the Fund's determination that it is entitled to an equitable lien on the

settlement proceeds in the sum of $9,107.20 is not arbitrary and capricious, nor is it without reason, unsupported by substantial evidence or erroneous as a matter of law.  Defendants have not demonstrated a need for further discovery.  There exists no genuine issue of material fact and, based on the undisputed facts, plaintiff is entitled to judgment awarding it $9,107.20 from the settlement proceeds.

## CONCLUSION

It is therefore

ORDERED that plaintiff's motion (Dkt. No. 13) for summary judgment is granted; plaintiff is entitled to recover $9,107.20 from the settlement proceeds; and plaintiff is entitled to recover reasonable attorney's fees, costs and disbursements; and it is further

ORDERED that, if the parties are unable to agree upon a reasonable amount for attorney's fees, costs, and disbursements within 20 days of this Memorandum-Decision and Order, the Court will determine same after the filing by plaintiff of a detailed, itemized affirmation and the filing by defendants, within 10 days thereafter, of their response, if any, to the plaintiff's affirmation; and it is further

ORDERED that defendants' cross motion (Dkt. No. 16) for relief under Fed. R. Civ. P. 56(f) is denied.

IT IS SO ORDERED.
September 13, 2007
Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge